IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JESUS RAYMOND GARCIA,

    Petitioner,

vs.                                                                                        Civil No. 02-608 WPJ/WWD

TIM LEMASTER, Warden, et al.,

    Respondents.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

    1.  THIS MATTER comes before the Court upon Respondent's Motion to Dismiss ("Motion"), filed June 10, 2002 **[Doc. 9]**.  Respondent contends that Mr. Garcia's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is time-barred subject to the one-year statute of limitations in the Antiterrorist and Effective Death Penalty Act of 1996 ("AEDPA").[1]  See Hoggro v. Boone, 150 F.3d 1223, 1225 (10th Cir. 1998).

    2.  Petitioner is incarcerated and is proceeding *pro se*.  Petitioner's Judgment, Sentence and Commitment was filed on September 3, 1997.  Resp'ts' Answer to the Petition for Writ of Habeas Corpus ("Answer") **[Doc. 11]**, Ex. A.  The Supreme Court of New Mexico affirmed Mr. Garcia's convictions on May 27, 1999.  Answer, Ex. G.  Respondents state that the statute of limitations began to run on May 28, 1999, the day after the state supreme court affirmed Mr. Garcia's convictions.  Mot. at 3.  However, a defendant's conviction does not become final until the time for filing a certiorari petition, in this case 90 days, has expired.  See United States. v.

---

[1] Respondents also move to dismiss Mr. Garcia's petition on the grounds that Petitioner has failed to exhaust available state remedies and that his claims are procedurally defaulted.

Willis, 202 F.3d 1279, 1280 (10th Cir. 2000) (explaining that where defendant does not file a petition for writ of certiorari with the United States Supreme Court after a direct appeal, the judgment of conviction is final when the time for filing a certiorari petition expires); Sup.Ct.R.13 (providing that a petition for a writ of certiorari to review a judgment entered by a state court of last resort is timely when it is filed within 90 days after entry of the judgment).  Thus, the statute of limitations did not begin to run until Mr. Garcia's convictions became final, no earlier than August 26, 1999 and no later than September 12, 1999.[2]

   3.  Thus, in order to avoid the one-year statute of limitations, Mr. Garcia was required to file his federal petition, at the latest, by September 13, 2000, with the period tolled for any time within that year in which he was pursuing post-conviction relief.  Mr. Garcia's present petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is not timely filed.  The instant petition is file-stamped May 24, 2002.  However, even assuming a filing date of May 19, 2002,[3] Mr. Garcia's federal application exceeds the limitations period by almost two years.

   4.  Petitioner filed a state habeas petition on August 6, 2001, which was denied on March 25, 2002.  Answer, Exs. I, J.  However, because he did not file his state habeas until almost one year after the limitations period had ended, the time it was pending in state court cannot be included in tolling the limitations period.  See Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001).  The limitations period was not tolled during the pendency of Petitioner's motions

---

[2] On June 14, 1999, the state supreme court issued its mandate to the district court. Answer, Ex. H.  If this date is used, Petitioner's convictions became final on September 12, 1999.

[3] Petitioner indicates that his application was "executed" on May 19, 2002.  See Pet. (declaration under penalty of perjury).  "Pursuant to the mailbox rule, a prisoner's papers are considered filed as of the date he delivers them to prison officials for mailing." Hall v. Scott, 292 F.3d 1264, 1266 n.1 (10th Cir. 2002) (citing Houston v. Lack, 487 U.S. 266, 276 (1988)).

seeking trial transcripts, because such motions do not constitute the pursuit of post-conviction relief.  See 28 U.S.C. § 2244(d)(2) (describing a collateral proceeding that tolls the limitations period as that which seeks review of "the pertinent judgment or claim").  Nor do I find that Petitioner raises a colorable claim that "the factual predicate of the claim or claims presented" could not "have been discovered through the exercise of due diligence," or that state action impeded the filing of his application so as to trigger a later onset of the limitations period pursuant to § 2244(d)(1)(B), (D).

*Equitable Tolling*

5.  In "Petitioner's Memorandum in Support of his Response and Opposition to the Respondents Answer to the Petitioner's Writ of Habeas Corpus and Subsequent Motion to Dismiss," ("Memorandum"), Mr. Garcia argues that the limitations period was "justifiably tolled." Mem. at 3.  I construe Petitioner's argument as a request that equitable tolling should apply.

6.  The one-year statute of limitations may be equitably tolled only "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control."  Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000).  Equitable tolling is appropriate "only in rare and exceptional circumstances."  Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000).  Moreover, Petitioner bears the burden of demonstrating that equitable tolling should apply.  See Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998).

7.  Petitioner offers a variety of reasons why the limitations period should be equitably tolled; however, I find that Mr. Garcia does not allege or show exceptional circumstances wherein equitable tolling is appropriate.  For example, Mr. Garcia alleges that he lacked legal knowledge,

access to a law library, and the assistance of a person trained in the law.  This argument essentially "states an ignorance of the law defense to his untimely filing, a defense which is easily rejected." Schmidt v. Scott, 201 F.3d 449, 1999 WL 1040527, **2 (10th Cir. Nov. 17, 1999) (unpublished table decision) (citing United States v. Reed, 114 F.3d 1053, 1057 (10th Cir. 1997); Woodward v. Sedgwick County Jail Adm'r, No. 96-3202, 1997 WL 31548, at *2 (10th Cir. Jan. 27, 1997)) (internal quotation marks omitted).

8.   Petitioner also appears to argue that frequent transfers, the loss of certain personal property (including legal documents), and psychological disorders interfered with the timely filing of his petition.  I find Petitioner's argument and allegations to be vague and speculative.[4]  In short, Petitioner fails to satisfactorily explain how any of his alleged difficulties prevented him from filing the instant petition in a timely  manner.

9.   Finally, while Petitioner alleges that he "diligently pursued" his claims, he fails to meet his burden of demonstrating that he satisfied this threshold requirement.  See Miller,141 F.3d at 978 (refusing to apply equitable tolling where petitioner "provided no specificity regarding the alleged lack of access and the steps he took to diligently pursue his federal claims").  Because Petitioner has failed to demonstrate that he diligently pursued his claims and that his failure to timely file was caused by extraordinary circumstances beyond his control, he has not met his burden of showing that equitable tolling should be applied.  Accordingly, this petition should be denied as time-barred.

---

[4] For example, Petitioner does not specify the personal property or legal documents that were "lost," nor does he describe the circumstances under which the alleged loss occurred.  In addition, Petitioner does demonstrate how his lack of access to a specific item prevented him from filing his federal petition in a timely manner.

10.  I find that Petitioner's request for an evidentiary hearing on this matter should also be denied.  See Fisher, 1262 F.3d at 1145 (stating that an evidentiary hearing on the issues of time bar and equitable tolling is a discretionary matter because § 2244 does not require one).

### Recommendation

I recommend that Respondents' Motion to Dismiss **[Doc. 9]** be GRANTED, that Petitioner's application for Writ of Habeas Corpus **[Doc. 1]** be DENIED, and that this cause be DISMISSED with prejudice, on the finding that Petitioner's application for Writ of Habeas Corpus is barred as untimely under 28 U.S.C. § 2244(d)(1)(A).  Petitioner's request for an evidentiary hearing on this matter should be DENIED.  Petitioner's request for the appointment of counsel should be DENIED as moot.

Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations.  A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.

_____
UNITED STATES MAGISTRATE JUDGE